IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JIMMIE LEWIS
PLAINTIFF,

V.                                    CIV A. NO. 04-1410 GMS

JOHN S. EDINGER JR

FILED
MAY -3 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

DECLARATION IN SUPPORT OF PLAINTIFFS MOTION FOR A
TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUCTION

JIMMIE LEWIS DECLARES UNDER PENALTY OF PERJURY:

1.) I AM THE PLAINTIFF IN THIS CASE. I MAKE THIS DECLARATION IN SUPPORT OF MY MOTION FOR A TEMPORARY RESTRAINING ORDER AND A PRELIMINARY INJUNCTION TO ENSURE THAT I RECEIVE NECESSARY LEGAL REPRESENTATION IN REGARDS TO FILING MY DIRECT APPEAL.

2.) AS SET FORTH IN THE COMPLAINT IN THIS CASE, JOHN S. EDINGER JR HAS DELIBERATELY DENIED ME WHAT THE UNITED STATES CONSTITUTION HAS ESTABLISHED UNDER ARTICLE VI AND ARTILE VIII.

3.) ON JULY 30, 2003 JOHN S. EDINGER JR FAILED TO INFORM ME THAT I COULD BE SENTENCED AS AN HABITUAL OFFENDER. JOHN S. EDINGER JR MISINFORMED ME THAT I WAS FACING 8 YEARS FOR CARJACKING 2ND, WHEN THE MAXIMUM STATUTORY RANGE WAS 5 YEARS, IN WHICH PREJUDICED ME BECAUSE, I PROBABLY WOULD HAVE EXCEPTED THE PLEA IF I BELIEVED IT WOULD HAVE EXPOSED ME TO 5 YEARS NOT 8 YEARS, DUE TO THE FACT THAT THERE IS NO CAP ON PLEA BARGINS IN DELAWARE. SEE ATTACHED EXIBITS (A1, A-2)

4.) ON AUG 18, 2003 I WROTE THIS NOTATION DUE TO MY BEING CONCERNED ABOUT EXACTLY WHAT WAS THE APPROXIMATE TIME THE OFFENSES ARE SAID TO HAVE OCCURED, DUE TO THERE BEING TWO DIFFERENT APPROXIMATE TIMES DOCUMENTED IN THE AFFIDAVIT OF PROBABLE CAUSE, SEE ATTACHED AFFIDAVIT OF PROBABLE CAUSE, SEE ALSO OCT 21, 2003 TRIAL TRANSCRIPT. EXIBITS (B-1, C1-4&5)

5.) ON 10-14-2003 I FILED A MOTION TO SUPPRESS THE INDICTMENT DUE TO IT NOT APPRISING ME OF THE VERY CRUCIAL ELEMENT OF THE APPROXIMATE TIME THE OFFENSE OCCURED THAT I WAS BEING CALLED TO STAND TRIAL FOR, DUE TO THERE BEING TWO DIFFERENT APPROXIMATE TIMES DOCUMENTED IN THE AFFIDAVIT OF PROBABLE CAUSE AS THE APPROXIMATE TIME. THE MOTION WAS SENT TO MR EDINGER, BUT THE ISSUE WAS TOTALLY IGNORED, SEE SUPERIOR COURT CRIMINAL DOCKET SHEET # 15 - ATTACHED, ALSO OCT 21, 2003 TRIAL TRANSCRIPT, ALSO ATTACHED AFFIDAVIT OF PROBABLE CAUSE. EXIBITS (C-1-4&5)

6.) ON 10-14-2003 I FILED A MOTION FOR RULE 16 DISCOVERY, SPECIFICLY SURVAILANCE VIDEO THAT WAS REVIEWED BY THE REPORTING OFFICER(S), SAID MOTION WAS SENT TO MR. EDINGER BUT THE ISSUE WAS TOTALLY IGNORED. SEE S. CT CR DOC SHEET # 15 AND THE PROTHONOTARY'S FILE, AS WELL AS ATTACHED AFFIDAVIT OF PROBABLE CASE EXIBIT (C1-4&5)

7.) ON 10-17-2003 I FORWARDED THE ATTACHED DOCUMENTS TO THE OFFICE OF THE PROTHONOTARY (NEW CASTLE COUNTY) IN ORDER TO HAVE JOHN S. EDINGER JR PRESENT THEM FOR TRIAL AND OR AT SENTENCING, BUT MR. EDINGER SIMPLY IGNORED MY REQUEST. SEE S. CT CR. DOCK SHEET # 14, SEE ALSO ATTACHED DOCUMENTS EXIBITS (D 1-4&5)

8.) ON 10-9-2003, 11-19-2003 AND 10-22-2003 I WROTE KATHLEEN D. FELDMAN - CHIEF COURT REPORTER, CHERYL J. SIMMONS - CHIEF COURT REPORTER, AND MICHAEL C. HOCHMAN - ASSISTANT PUBLIC DEFENDER IN REGARDS TO OBTAINING MY PRELIMINARY HEARING TRANSCRIPT, IN WHICH IS A RIGHT THAT ARTICLE VI AND XIV OF THE UNITED STATES CONSTITUTION GUARANTEE'S ME. SEE ATTACHED NOTATIONS AND TRIAL TRANSCRIPT - OCT 21, 2003; EXIBITS (E 1-3)

9.) ON 10-21-03 JOHN S. EDINGER JR FAILED TO MOTION FOR A PSYCHIATRIC EVALUATION TO SEE IF I WAS COMPETENT ENOUGH TO STAND TRIAL, WHEN I INFORMED THE COURT THAT I WAS EXPERIENCING PSYCHOLOGICAL DILEMMA'S OF THE MIND. SEE TRIAL-TRANSCRIPTS OCT 21, 2003 EXIBIT (         )

10.) ON 10-22-03 JOHN S. EDINGER JR DID NOT SUBMITT THE POLICE REPORT AND OR THE AFFIDAVIT OF PROBABLE CAUSE INTO EXIBIT FOR THE JURY TO REVIEW, IN ORDER FOR THE JURY TO BE ABLE TO UNDOUBTEDLY IDENTIFY WHAT WAS FACT AS OPPOSED TO EXACTLY WHAT WAS FICTION, IN REGARDS TO THE TRIAL TESTIMONY PRESENTED BY THE PLAINTIFF, THE REPORTING OFFICER AND MYSELF THE DEFENDANT, IN WHICH VIOLATED MY CONSTITUTIONAL RIGHT TO A FULL AND FAIR TRIAL.

11.) ON 11-18-03 THE D.A BRIAN ROBERTSON WAS SEEKING FELONY CONVICTION INFORMATION FROM THE STATE OF FLORIDA, IN ORDER TO DECLARE ME AN HABITUAL OFFENDER, IN WHICH IS ONLY RELAVANT TO THE 11-17-03 DATE THAT DR. SYLVIA FOSTER STATED WITHIN THE FORENSIC PSYCHIATRIC EVALUATION AS THE DATE I BECAME INCARCERATED AND WAS THEREAFTER TRANSFERRED TO THE DELAWARE PSYCHIATRIC CENTER TO BE EVALUATED, WHEN I HAD ALREADY STOOD TRIAL ON 10-21-23-03.

(CONT) - I BROUGHT THIS TO JOHN S. EDINGER JR'S ATTENTION, AS WELL AS THE FACT THAT THE JUDGE RELIED ON ERRONEOUS INFORMATION IN REGARDS TO SENTENCING ME, BUT MR. EDINGER SIMPLY IGNORED ME. SEE ATTACHED EXIBITS (F 1-2)

12.) ON 1-12-04 I RECEIVED A RESPONSE FROM J. DALLAS WINSLOW JR. CHIEF OF LEGAL SERVICES AT THE WILMINGTON DELAWARE PUBLIC DEFENDERS OFFICE, IN REGARDS TO MY SEEKING TO DISMISS MR JOHN S. EDINGER JR. SEE ATTACHED NOTATION EXIBIT (G 1-2)

13.) ON OR ABOUT 2-17-04 I CORRESPONDED WITH JOHN S. EDINGER JR ABOUT SEVERAL INTERLOCUTORY ORDERS THAT I KNEW DENIED ME MY CONSTITUTIONAL RIGHTS. IN REGARDS TO THE INTERLOCUTORY APPEAL I FILED, I PRESENTED THE ATTACHED NOTATION THAT JOHN S. EDINGER JR SENT ME IN RESPONSE TO ANSWERING THE SUPREME COURTS REASON TO SHOW CAUSE WHY I DIDN'T FILE THE INTERLOCUTORY APPEAL IN ACCORDANCE TO SUPREME COURT RULE 29(b). SEE ATTACHE EXIBIT (H 1-6).

14.) ON 7-6-04 COMMISSIONER WHITE INFORMED MR EDINGER THAT HE HAD 10 DAYS TO REQUEST A COMPETENCY HEARING, BUT JOHN S. EDINGER JR SIMPLY IGNORED THE COMMISSIONER, IN WHICH DENIED ME A FULL AND FAIR TRIAL. SEE S. CT CR. DOC SHEET # 42. (~~illegible~~)

15.) ON 7-26-04 BRIAN J. ROBERTSON FILED A MOTION TO DECLARE ME AN HABITUAL OFFENDER, JUST AFTER THE 10 DAYS THE COMMISSIONER GAVE JOHN S. EDINGER JR A NOTICE TO REQUEST A COMPENTENCY HEARING IN MY BEHALF, IN WHICH SIGNIFIES A CONSPIRACY AND OR DELIBERATE INDIFFERENCE ON JOHN S. EDINGER JR'S BEHALF. SEE S. CT CR DOC SHEET # 43. EXIBIT (~~illegible~~)

16.) ON 8-17-04 I FILED ANOTHER MOTION FOR DISCOVER IN REGARDS TO 9-11 RECORDINGS THAT COULD VARIFY THAT I WAS BEING TRIED FOR OFFENSES THAT WERE NOT RELATED TO THE 9-11 EVIDENCE THAT THE STATE TRIED TO PRESENT. BUT APON RECEIVING SAID MOTION, JOHN S. EDINGER JR SIMPLY IGNORED IT. SEE S. CT CR. DOC SHEET # 48. EXIBIT ( I-1 ) SEE ALSO OCT 21, 2003 TRIAL- TRANSCRIPT IN REGARDS TO THE ~~illegible~~ ~~illegible~~ RELEVANCE OF THE 9-11 RECORDING IN WHICH THE CORRECT APPROXIMATE TIME WOULD HAVE BEEN REVEALED.

17.) ON 9-9-04 IN RESPONSE TO A MOTION FOR A NEW TRIAL I FILED, JOHN S. EDINGER JR ~~illegible~~ INFORMED ME THAT HE WOULD NOT FILE A MOTION FOR A NEW TRIAL BECAUSE WE WERE NOT RAISING A INSANITY DEFENSE, SHORTLY THEREAFTER I FILED A MOTION TO DECLARE ME NOT GUILTY BY REASON OF INSANITY, IN WHICH WAS REFERRED TO JOHN S. EDINGER JR, BUT TO NO AVAIL. ALSO — JOHN S. EDINGER JR DID NOT ADDRESS THE PSYCHOLOGICAL ISSUES I PRESENTED AT SENTENCING? SEE SENTENCING TRANSCRIPT 2-11-05. EXIBIT (D-1).

18.) ON 12-3-04 I INFORMED THE COURT AND JOHN S. EDINGER JR THAT I HAD NOT REVIEWED THE PRE-SENTECE REPORT AS IT IS REQUIRED BY SUPERIOR COURT CRIMINAL RULE 32 (C)(3). ON 1-26-05 I RECEIVED A NOTATION FROM JOHN S.— EDINGER JR THAT VARIFIES I WASNT GIVEN A PROPER OPPORTUNITY TO VOICE MY CONTENTIONS IN REGARDS TO THE PRE-SENTENCE REPORT IN ACCORDANCE TO SUPERIOR COURT CRIMINAL RULE 32 (C)(3) PER JOHN S.— EDINGER JR. SEE S. CT CR. DOCK # 67, # 51, SEE ALSO ATTACHED EXIBIT (I-1)

19.) ON 1-10-05 THE SUPREME COURT REQUESTED THAT JOHN S. EDINGER JR EXPLAIN WHAT THE REASON(S) WERE AS TO WHY I WASN'T SENTENCED. IT IS MY OPINION THAT THE SUPREME COURT DECIDED NOT TO ADDRESS THE INTERLOCUTORY APPEAL, DUE TO THE FACT THAT I WAS SCHEDULED TO BE SENTENCED IN LESS THAN (4) WEEKS. BUT IN RESPONDING TO THE SUPREME COURT, JOHN S. EDINGER JR STATED THAT MY DEC. 5, 03 SENTENCING DATE WAS RESCHEDULED AFTER THE DEFENSE REQUESTED A SECOND PSYCHIATRIC EXAM IN WHICH WAS RECEIVED BY THE COURT ON JUNE 28, 2004. THE DILEMMA IS THAT JOHN S. EDINGER JR LIED, BECAUSE THERE WAS NEVER A FIRST EVALUATION DONE PRIOR TO JUNE 28, 2004? IN RESPONSE TO RECEIVING A COPY OF OF MR EDINGER'S NOTATION, I IMMEDIATELY REQUESTED TO RECEIVE THE ALLEGED SECOND COMPETENCE EVALUATION; BUT THERE IS NO SECOND EVALUATION PRIOR TO JUNE 28, 2004 NOR AFTER JUNE 28, 2004. SEE S. CT CR DOCK # 39; SEE ALSO ATTACHED EXIBIT ( J-1 ).

20.) ON THE 18TH OF FEB, 2005 JOHN S. EDINGER JR DELIBERATELY TRIED TO SABOTAGE MY RECEIVING THE TRIAL TRANSCRIPT(S), BY STATING AN UNKNOWN INMATES NAME ON HIS MOTION TO TRANSCRIBE THE TRIAL TRANSCRIPTS. I IMMEDIATELY RECONIZED THE CRUCIAL ERROR AND THEREAFTER FILED ANOTHER MOTION TO DISMISS COUNSEL AND FOR COURT TO APPOINT NEW COUNSEL, THIS TIME IN THE SUPREME COURT. SEE ATTACHED NOTATION(S), AND ATTACHED SUPREME COURT DOCKET # 4, EXHIBIT(S) ( L1-3 ), ( M-1 ).

21.) ON 11-10-2004 I FILED THE CIVIL COMPLAINT AND SHORTLY THEREAFTER I SUBMITTED DIRECTION FOR THE SUPERIOR COURT REPORTER TO TRANSCRIBE THE TRIAL TRANSCRIPT(S) 10-21-23-2003, IN WHICH I FORWARDED TO THE U.S DISTRICT COURT CLERK, BELIEVING AT THE TIME THAT IT WOULD BE RECONIZED AS A MOTION TO COMPEL, SIMPLY BECAUSE I HIGHLY PRECEIVED THAT THE ONLY WAY THAT JOHN S. EDINGER JR COULD COVER HIS CONSPIRACY AKA DELIBERATE INDIFFERENCE WOULD BE TO TAMPER WITH, DENY OR MODIFY THE TRIAL TRANSCRIPT. ON 12-17-2004 THE U.S — DISTRICT COURT CLERK FORWARDED ME THE ATTACHED NOTATION. ~~SUBSEQUENTLY, JOHN S. EDINGER JR~~ SEE EXIBIT ( ~~~~, N-1 ).

22.) ON 4-18-05 JOHN S. EDINGER JR SENT ME WRITTEN CORRESPONDENCE THAT SOLIDIFIED WHAT HE INFORMED ME OF ON 11-3-03 VIA WRITTEN CORRESPONDENCE, IN WHICH WAS HE WAS NOT AWARE OF ANY APPEALABLE ISSUES IN MY CASE, AND THAT HE INTENDS TO FILE FOR SUPREME COURT RULE 26 (c). SUBSEQUENTLY, I PRESENTED JOHN S. EDINGER JR WITH NUMERIOUS APPEALABLE GROUNDS NEEDED TO SUPPORT A DIRECT APPEAL, IN WHICH THE MOST RELEVANT REVERSABLE ERRORS THAT I HAVE POINTED OUT, CAN ONLY BE VARIFIED BY UTILIZING THE OCT 21-2003 TRIAL TRANSCRIPT.

THE DILEMMA IS THAT THE TRIAL TRANSCRIPT FOR OCT 23-2003, THE CHARGE TO THE JURY AND THE VERDICT HAVE BEEN OMITTED. ALSO, THE OCT 21, 2003 TRIAL TRANSCRIPT IS NOT AT ALL AUTHENTIC. THE OCT 21, 2003 TRIAL TRANSCRIPT IN WHICH WAS FORWARDED TO ME BY JOHN S. EDINGER JR, HAS BEEN MODIFIED AND RE-EDITED BY JOHN S. EDINGER JR. —>

(CONT).

Specificly, the Oct 22, 2003 trial transcript that was transcribed and submitted by superior court reporter — John P. Donnelly is stamped, ~~signed~~, and the transcript also contains the number of sheets utilized for the transcript, the number of pages on the sheet, as well as the approximate date and time that the transcript was transcribed by the superior courts stenographers machine, in which certifies it's authenticity at the bottom of each page.
See attached exibits (O 1-2, Q 1-2);

The 2-11-05 sentencing transcript that ~~was docket~~ was transcribed and submitted by superior court reporter Lynne Bell Coal is stamped, signed, and the transcript also contains the number of sheets utilized for the transcript, the number of pages on the sheet, as well as the approximate date and time that the transcript was transcribed by the superior courts stenographers machine, in which certifies it's authenticity at the bottom of each page.
See attached exibits (R 1-3        );

But the Oct 21, 2003 trial transcript is not stamped or signed by whom ever is the author? The transcript does not contain the number of sheets utilized at the bottom of ~~the page~~ each page, it does not have the number of pages on the sheet at the bottom of each page, it does not have the approximate date and time the transcript was transcribed by a superior court stenographers machine at the bottom of each page, in which would have certified it's authenticity. Also, take notice that the type-writers print from exibit(s) (P 1-7 ) was printed by a completely different size font? Also, take notice to the left side on the first page of the Oct 21, 2003 transcript, in which allows you to visually see the actual size of the

23.) I HAVE, I AM, AND I WILL CONTINUE TO SUFFER IRREPARABLE HARM IF JOHN S. EDINGER JR IS ALLOWED TO PROCEED IN THE MANNER THAT HE HAS PREVIOUSLY OR INTENDS. ELROD V. BURNS, 427 U.S. 347, 373, 96 S. CT - 2673 (1976).

24.) FOR THE REASONS SET FORTH IN ~~THE MEMORANDUM OF LAW~~, THE PLAINTIFF IS ENTITLED TO A TEMPORARY RESTRAINING ORDER, REQUIRING A PRELIMINARY INJUNCTION THAT WOULD DISMISS THE PLAINTIFF'S CURRENT COUNSEL MR. JOHN S. EDINGER JR, AND FOR THE COURT TO APPOINT NEW COUNSEL FOR THE PURPOSE OF OBTAINING AUTHENTIC TRIAL TRANSCRIPT(S) AND FILING THE PLAINTIFF'S DIRECT APPEAL.

25.) FOR THE FOREGOING REASONS, THE COURT SHOULD GRANT THE PLAINTIFF'S MOTION IN ALL RESPECTS.

26.) PURSUANT TO 28 U.S.C 1746, I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

DATE: 4-30-05

*Jimmie Lewis*
JIMMIE LEWIS
SBI # 506622
S.H.U 19, D-11-U
DE. CORR, CENTER
1181 PADDOCK RD
SMYRNA, DE 19977