IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JIMMIE LEWIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 04-1410-GMS |
| | ) |
| JOHN S. EDINGER, JR., and | ) |
| PUBLIC DEFENDER'S OFFICE AND | ) |
| STAFF, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

Jimmie Lewis ("Lewis") is a _pro se_ litigant who is currently incarcerated at the Delaware Correctional Center ("DCC") located in Smyrna, Delaware. His SBI number is 506622. Lewis has filed this action pursuant to 42 U.S.C. § 1983, and requested leave to proceed _in forma pauperis_ pursuant to 28 U.S.C. § 1915.

**I.   STANDARD OF REVIEW**

The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331. Reviewing complaints filed pursuant to 28 U.S.C. § 1915 is a two-step process. First, the court must determine whether Lewis is eligible for pauper status. On November 29, 2004, the court granted Lewis leave to proceed _in forma pauperis_, assessed $9.37 as the initial partial filing fee and ordered him to file an authorization form within thirty days, or the case would be dismissed. Lewis filed the required authorization form on December 6, 2004.

Once the pauper determination is made, the court must then determine whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief pursuant to 28 U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1).[1]  If the court finds that Lewis' complaint falls under any of the exclusions listed in the statutes, then the court must dismiss the complaint.

When reviewing complaints pursuant to 28 U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1), the court must apply the standard of review set forth in Fed. R. Civ. P. 12(b)(6).  See Neal v. Pennsylvania Bd. of Prob. & Parole, No. 96-7923, 1997 WL 338838 (E.D. Pa. June 19, 1997)(applying Rule 12(b)(6) standard as appropriate standard for dismissing claims under § 1915A).  Thus, the court must "accept as true the factual allegations in complaint and all reasonable inferences that can be drawn therefrom."  Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(citing Holder v. City of Allentown, 987 F.2d 188, 194 (3d Cir. 1993)).  Pro se complaints are held to "less stringent standards than

---

[1] These two statutes work in conjunction.  Section 1915(e)(2)(B) authorizes the court to dismiss an in forma pauperis complaint at any time, if the court finds the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief.  Section 1915A(a) requires the court to screen prisoner complaints seeking redress from governmental entities, officers or employees before docketing, if feasible and to dismiss those complaints falling under the categories listed in § 1915A(b)(1).

formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521 (1972)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957))(internal citations omitted).

The United States Supreme Court has held that as used in § 1915(e)(2)(B), the term "frivolous" when applied to a complaint, "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." Neitzke v. Williams, 490 U.S. 319, 325 (1989).[2] Consequently, a claim is frivolous within the meaning of § 1915(e)(2)(B) if it "lacks an arguable basis either in law or in fact." Id. As discussed below, Lewis' complaint has no arguable basis in law or in fact, and shall be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1).

## II. DISCUSSION

### A. The Complaint and the Amendment

Lewis filed this complaint on October 29, 2004. (D.I. 2) In the original complaint, Lewis names only one defendant, John S. Edinger, Jr. ("Edinger"). (Id. at 3) Lewis alleges that Edinger

---

[2] Neitzke applied § 1915(d) prior to the enactment of the Prisoner Litigation Reform Act of 1995 (PLRA). Section 1915 (e)(2)(B) is the re-designation of the former § 1915(d) under the PLRA. Therefore, cases addressing the meaning of frivolous under the prior section remain applicable. See § 804 of the PLRA, Pub. L. No. 14-134, 110 Stat. 1321 (April 26, 1996).

has violated his constitutional rights by "intentionally sabotob[ing] [sic] my chances of being exonerated of felonies." (Id.)  Specifically, Lewis alleges that Edinger scheduled two other trials on the same day as his, causing Edinger not to be prepared for Lewis' trial.  (Id.)  Lewis also avers that Edinger failed to request a competency hearing prior to his trial, failed to review evidence, failed to voice relevant objections during trial or present rebuttal evidence, and failed to inform Lewis of his "habitual offender" status.  (Id.)  Lewis requests that the court award him compensatory damages in the amount of 2.5 million dollars.  (Id. at 4)  He further requests that the court order "Mr. John S. Edinger Disbarred."  (Id.)  Lewis also appears to be requesting that the court correct Edinger's alleged constitutional errors.  (Id.)

On February 11, 2005, Lewis filed an Amended Complaint pursuant to Fed. R. Civ. P. 15(a).  (D.I. 7)  Here, Lewis adds the following defendant: "the Public Defender's Office and Staff".  (Id. at 1) Lewis does not raise any specific allegations against "the Public Defender's Office and Staff."  Rather, he simply expands his ineffective assistance of counsel claims against Edinger.  (Id. at 7-9)  In the amended complaint, Lewis also amends the amount he requests as compensatory damages to 20 million dollars.  (Id. at 4)

### B. The Motion for Temporary Restraining Order

On May 3, 2005, Lewis filed a "Motion for a Temporary Restraining Order" (D.I. 9) Lewis avers that Edinger has continually violated his constitutional rights throughout the trial process. (Id. at Atch 1) Lewis requests that the court order Edinger to provide him with a transcript of his criminal trial dated October 21, 2003. (Id. at 2) Lewis also requests that this court enjoin Edinger from representing Lewis in his direct appeal to the Delaware Supreme Court. (Id.) For the reasons discussed below, the court will deny Lewis' Motion for a Temporary Restraining Order.

"[T]he grant of injunctive relief is an 'extraordinary remedy, which should be granted only in limited circumstances.'" Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 800 (3d Cir. 1989)(quoting Frank's GMC Truck Center, Inc. v. General Motors Corp., 847 F.2d 100, 102 (3d Cir. 1988)). In ruling on a Motion for a Temporary Restraining Order, this court must consider: 1) the likelihood of success on the merits; 2) the extent to which the plaintiff is being irreparably harmed by the conduct complained of; 3) the balance of the hardships to the respective parties; and 4) the public interest." Opticians Association of America v. Independent Opticians of America, 920 F.2d 187 (3d Cir. 1990).

Establishing a risk of irreparable harm is not enough. A

5

plaintiff has the burden of making a "clear showing of immediate irreparable injury." Continental Group, Inc. v. Amoco Chemicals Corp., 614 F.2d 351, 359 (3d Cir. 1980)(quoting Ammond v. McGahn, 532 F.2d 325, 329 (3d Cir. 1976). The "requisite feared injury or harm must be irreparable - not merely serious or substantial." Glasco v. Hills, 558 F.2d 179, 181 (3d Cir. 1977). An injunction should only issue if all four factors favor preliminary relief. See S&R Corp. v. Jiffy Lube Int'l. Inc., 968 F.2d 371, 374 (3d Cir. 1992).

It is well-settled that the "State must provide an indigent defendant with a transcript of prior proceedings when that transcript is needed for an effective defense or appeal." Britt v. North Carolina, 404 U.S. 226, 227 (1971). Courts consider two factors in determining whether a transcript is needed: "(1) the value of the transcript to the defendant in connection with the appeal or trial for which it is sought, and (2) the availability of alternative devices that would fulfill the same functions as a transcript." Id.

In the instant case, Lewis requests a copy of his trial transcript to prepare an appeal of his conviction and sentence. However, attached to Lewis' motion are two documents of significance. The first is a letter from Edinger to Lewis dated April 18, 2005, which states: "In response to your letter dated April 14, 2005, enclosed are copies of the transcripts. The

Supreme Court has given me the date of June 3, 2005 by which to file your appeal." (D.I. 9, Atch 1 at Exhibit O-1) The second, are the transcripts themselves. (Id., Atch 1 at Exhibits P to R) To support his motion, Lewis merely alleges that Edinger has "modified" and "re-edited" the transcripts Edinger provided to him for the appeal. (Id., Atch 1 at 9) Other than his bare assertion, Lewis does not offer any evidence that Edinger "modified" the transcript. Consequently, Lewis has failed to demonstrate a likelihood of success on the merits regarding this allegation. Furthermore, he has failed to establish that he has or will suffer an immediate "irreparable harm" that would justify issuing a Temporary Restraining Order.

The third factor the court must consider in determining whether to grant a motion for a temporary restraining order is the "balance of the hardships to the respective parties." Opticians Association of America, 920 F.2d at 197. "A basic purpose behind the balancing analysis is to ensure that the issuance of an injunction would not harm the [defendant] more than a denial would harm the [plaintiff]." Id. (citing ECRI v. McGraw-Hill, Inc., 809 F.2d 223, 226 (3d Cir. 1987)). The record clearly indicates that Lewis already has the transcripts. (D.I. 9, Atch 1, Exhibits P to R) Moreover, Edinger informed Lewis that he will file a motion to withdraw as his counsel along with the notice of appeal. (Id., Atch 1, Exhibit O) Thus, by denying

the motion the court will maintain the "balance of the hardships to the respective parties." Opticians Association of America, 920 F.2d at 197.

There being no evidence presented regarding the extent to which Public Interest will suffer if a Temporary Restraining Order is issued, the court can not address that issue. It is not necessary to do so, however, as failure to satisfy any one of the factors is sufficient to deny relief.

### C. Analysis

#### 1. Lewis' Habeas Claim

Although Lewis set out his claims in terms of ineffective assistance of counsel under 42 U.S.C. § 1983, he is, in essence, trying to challenge his conviction and/or sentence. As such, his sole federal remedy is by way of habeas corpus. Preiser v. Rodriquez, 411 U.S. 475 (1973). Furthermore, a plaintiff cannot recover under § 1983 for alleged wrongful incarceration unless he proves that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. See Heck v. Humphrey, 512 U.S. 477, 487 (1994).

It is clear from the pleadings and public record, that the appeal of Lewis' conviction and sentence is currently pending before the Delaware Supreme Court. (D.I. 9, Atch 1).

Furthermore, Lewis has not yet filed a Petition for Writ of Habeas Corpus in this court. Because Lewis cannot prove that his conviction and sentence were reversed or invalidated by any means required under Heck, his claim lacks an arguable basis in law or in fact. Consequently, the court will dismiss his claim without prejudice pursuant to §§ 1915(e)(2)-1915A(a)(b).

### 2. Edinger has Absolute Immunity

Even if Lewis were not challenging the fact or duration of his conviction and sentence, his claim against Edinger would fail. Section 1983 requires a plaintiff to show that the person who deprived him of a constitutional right was "acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988)(citing Parratt v. Taylor, 451 U.S. 527, 535 (1981))(overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327, 330-31 (1986)).

Public defenders do not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in criminal proceedings. Polk County v. Dodson, 454 U.S. 312 (1981). Furthermore, public defenders are entitled to absolute immunity from civil liability under 42 U.S.C. § 1983. Black v. Bayer, 672 F.2d 309 (3d Cir. 1982). Because Edinger has not acted under color of state law and is immune from liability under 42 U.S.C. § 1983, Lewis' claim against Edinger lacks an arguable basis in law or in fact. Therefore, the court finds

that Lewis' ineffective assistance of counsel claim against Edinger is frivolous and shall be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1).

### 3. Vicarious Liability

As noted above, Lewis does not raise any specific allegations against "the Public Defender's Office and Staff." (D.I. 7 at 1) Lewis has attached duplicate copies of a letter signed by J. Dallas Winslow, Jr. ("Winslow"), Chief of Legal Services for the Public Defender of the State of Delaware. (D.I. 7 at 60; D.I. 9, Atch 1, Exhibit G-1) In this letter, Winslow informs Lewis that his request for new counsel is denied. (Id.) It appears that Lewis is attempting to hold the supervisory staff of the Public Defender's Office vicariously liable for Edinger's alleged unconstitutional conduct. Consequently, Lewis' claim against the Public Defender's Office and Staff must also fail because it rests solely on a theory of vicarious or supervisory liability. Supervisory liability cannot be imposed under § 1983 on a respondeat superior theory. See Monell v. Dep't. of Soc. Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).

In order for a supervisory official to be held liable for a subordinate's constitutional tort, the official must either be the "moving force [behind] the constitutional violation" or exhibit "deliberate indifference to the plight of the person deprived." Sample v. Diecks, 885 F.2d 1099, 1118 (3d Cir.

10

1989)(citing <u>City of Canton v. Harris</u>, 489 U.S. 378, 389 (1989)). Nothing in the complaint indicates that the supervisory staff of the Public Defender's Office, was the "driving force [behind]" Edinger's alleged unconstitutional conduct, or that it remained "deliberately indifferent" to Lewis' plight. <u>Sample v. Diecks</u>, 885 F.2d at 1118. Consequently, Lewis' claim against the Public Defender's Office and Staff has no arguable basis in law or in fact.

### III. CONCLUSION

For the above stated reasons, the court shall deny Lewis' Motion for a Temporary Restraining Order. The court also finds that Lewis' habeas corpus claim is frivolous within the meaning of 28 U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1). Furthermore, the court finds that Lewis' remaining claims against the defendants are frivolous within the meaning of 28 U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1).

DATED: August 3, 2005

_____
UNITED STATES DISTRICT JUDGE



FILED
AUG 3 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

11

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JIMMIE LEWIS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civ. No. 04-1410-GMS ) |
| JOHN S. EDINGER, JR., and PUBLIC DEFENDER'S OFFICE AND STAFF, | ) ) ) ) |
| Defendants. | ) ) |

**ORDER**

NOW THEREFORE, this 3rd day of August, 2005, IT IS HEREBY ORDERED that:

1. Lewis' Motion for a Temporary Restraining Order (D.I. 9) is DENIED.

2. Lewis' habeas claim is DISMISSED without prejudice in accordance with the provisions of 28 U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1).

3. Lewis' remaining claims against the defendants are DISMISSED as frivolous in accordance with the provisions of 28 U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1).

4. The Clerk of the Court shall cause a copy of this Memorandum and accompanying Order to be mailed to Lewis.

FILED
AUG 3 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

UNITED STATES DISTRICT JUDGE